**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PATRICIA GRAHAM** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | * | **MAGISTRATE JUDGE:** |
| | * | |
| | * | |

**********************************************************************************

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Patricia Graham (hereinafter "Complainant"), and files her Complaint for Damages and Demand for Jury Trial against Defendant, United Services Automobile Association (hereinafter "USAA"), respectfully averring as follows:

## I. PARTIES

**1.**

Made Plaintiff herein is **PATRICIA GRAHAM**, an adult resident of the Parish of Calcasieu, Louisiana.

**2.**

Made Defendant herein is **UNITED SERVICES AUTOMOBILE ASSOCIATION**, an insurer domiciled in the State of Texas who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainant and USAA is located in this District.

## III. RELEVANT FACTS

**5.**

At all times relevant hereto, Complainant owned the property located at 1870 Lake Street, Lake Charles, Louisiana 70601 (the "Property").

**6.**

At all times relevant hereto, USAA provided a policy of insurance, number 00170262290A (the "Policy"), to Complainant which covered the Property against perils including hurricanes and provided the following coverages: $249,000.00 for Dwelling Protection; $37,350.00 for Other Structures Protection; $124,500.00 for Personal Property Protection; Unlimited Loss of Use Protection (Up To 12 Months); *inter alia*.

**7.**

On or around August 27, 2020, Hurricane Laura caused significant damages to Complainant's Property.

**8.**

Complainant promptly reported the loss to USAA, who assigned it claim number 1702622007 (the "Laura Claim").

**9.**

Prior to Hurricane Laura, Complainant evacuated to Plano, Texas, where she remained for approximately four days.

**10.**

When she returned, it was discovered the property was completely uninhabitable as a result of significant storm damage.

**11.**

As a result of the Property's condition, Complainant was forced to seek alternate accommodations in and around Plano, Texas, and was forced to incur the additional costs of rent and utilities, as well as a moving company and storage for her personal property that was salvaged after the Hurricane.

**12.**

Complainant has incurred thousands of dollars of expenses due to loss of use, however, USAA has only compensated Complainant for $782.01.

**13.**

As a result of USAA's underpayment to Complainant for her Loss of Use, Complainant has been forced to return to the Property, where she lives with only an air mattress, card table and chair, and in an extensively damaged uninhabitable structure.

**14.**

On or about September 7, 2020, estimator Tyler Getzwiller inspected the Property on behalf of USAA and documented damages to the dwelling, but after over-depreciating the loss and applying the Policy's deductible, Mr. Getzwiller allowed Complainant only $762.80 for her substantial dwelling losses.

**15.**

Mr. Getzwiller's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**16.**

Complainant was unable to make meaningful repairs to her Property with the meager proceeds allowed by USAA and promptly put USAA on notice of its deficient claims handling.

**17.**

In order to mitigate her damages and prevent further damage to the Property, Complainant tarped the Property's damaged roof and hired a professional moisture mitigation company to dry and dehumidify the property.

**18.**

USAA has failed to compensate Complainant for any of the mitigation costs incurred, which total more than $18,140.00.

**19.**

As a result of USAA's failure to timely and adequately compensate Complainant for her covered loss, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

**20.**

On or about September 30, 2020, Public Adjuster, Randy Thompson of Building Damage Consultants ("BDC") inspected the Property on behalf of Complainant and created an estimate of damages documenting $65,764.33 in damages to the dwelling, and $728.08 in damages related to Complainant's personal property.

**21.**

On November 12, 2020, a demand for the release of unconditional tenders was sent to USAA, along with the BDC estimate and photographs demonstrating the loss.

**22.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**23.**

On or about December 16, 2020, estimator Jeff Higgins inspected the Property on behalf of USAA and documented damages to the dwelling and contents, however, no payment was made.

**24.**

On or around February 1, 2021, a second demand for the release of unconditional tenders was sent to USAA, along with the BDC estimate and photographs demonstrating the loss.

**25.**

On February 12, 2021, almost two months after Mr. Higgins' reinspection, USAA finally made an untimely payment based on Mr. Higgins' December 16, 2020 inspection, but after over-depreciating the loss and applying the Policy's deductible, Mr. Higgins allowed Complainant only $15,982.01 and $2,231.56 for her substantial dwelling and personal property losses, respectively.

**26.**

To date, no more insurance proceeds have been forthcoming.

**27.**

As a result of USAA's failure to timely and adequately compensate Complainant for her substantial losses, the Property remains in a state of disrepair.

**28.**

Upon information and belief, USAA's failure to timely and adequately compensate Complainant for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**29.**

Upon information and belief, USAA purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

**30.**

Upon information and belief, USAA conducted the investigation and claims handling for Complainant's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**31.**

Upon information and belief, USAA manipulated its pricing software to artificially suppress the cost of repairs below market value.

**32.**

Upon information and belief, USAA purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

**33.**

Complainant has incurred or will incur additional expenses in repairing the Property as a result of USAA's failure to timely compensate her for her substantial and covered losses.

**34.**

Complainant has incurred or will incur additional living expenses as a result of the damages caused to her Property by Hurricane Laura, including those additional living expenses that will be incurred during the repair of the Property.

## III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

**35.**

Complainant realleges and re-avers the allegations contained in paragraphs 1-34, above, as if restated herein.

**36.**

An insurance contract, the Policy, exists between Complainant and USAA.

**37.**

The Policy provides coverages for perils including hurricanes.

**38.**

Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, USAA failed to timely tender adequate insurance proceeds as required by the Policy.

**39.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Mr. Getzwiller's inspection, USAA breached the Policy.

**40.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Mr. Higgins' inspection, USAA breached the Policy.

**41.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the BDC estimate, USAA breached the Policy.

**42.**

By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, USAA breached the Policy.

**43.**

By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, USAA breached the Policy.

**44.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, USAA breached the Policy.

**45.**

By failing to include adequate overhead and profit in its estimates of damages, USAA breached the Policy.

**46.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**47.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-46, above, as if restated herein.

**48.**

The actions and/or inactions of USAA in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making USAA liable for statutory bad faith penalties.

**49.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**50.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary,

capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**51.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**52.**

USAA is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with her Laura Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from BDC.

**53.**

USAA's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**54.**

USAA's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**55.**

USAA's failure to pay timely for damages it knew, or should have known, existed at the time it received the BDC estimate was in bad faith.

**56.**

USAA's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**57.**

USAA's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**58.**

USAA's handling of Complainant's Laura Claim was in bad faith.

## IV. DAMAGES

**59.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-58, above, as if restated herein.

**60.**

As a result of USAA's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**61.**

Complainant requests a trial by jury.

**62.**

**WHEREFORE,** Complainant, Patricia Graham, prays that, Defendant, United Services Automobile Association, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Patricia Graham, and against Defendant, United Services Automobile Association, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

Lauren E. Checki, La. Bar No. 31659
Galen M. Hair, La. Bar. No. 32865
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
4621 W. Napoleon Ave, Ste 204
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351

**PLEASE SERVE:**
**United Services Automobile Association**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.